UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| R.P.M. FUEL, LLC, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:18-CV-330 |
| § | |
| PBR SALES, LLC, *et al*, § | |
| § | |
| Defendants. § | |

## CIVIL CONTEMPT ORDER

On April 15, 2019, this Court issued its "Order on Plaintiffs R.P.M. Fuel, L.L.C. and Texas Global Fuel Network's Motion to Compel Discovery Responses" (D.E. 29). That Order compelled Defendants to file answers and responses to Plaintiff's First Set of Interrogatories and Requests for Production on or before April 29, 2019, and further ordered Defendants to pay Plaintiffs $1,000 as expenses, including attorney fees, as a sanction. On April 17, 2019, both attorneys for Defendants initiated proceedings to withdraw from the case. D.E. 30, 31, 33, 34. Among the reasons cited for their withdrawal was Defendants' failure to cooperate with the timely preparation of discovery responses.

On May 14, 2019, Plaintiffs filed their Motion for Sanctions (D.E. 36), reciting that Defendants had neither tendered their discovery responses by April 29, 2019, nor paid the $1,000 sanctions. As a result, on May 17, 2019, this Court issued its Show Cause Order (D.E. 37). The Court found cause to believe that Defendants had failed to cooperate with the discovery process and comply with the Court's Order (D.E. 29). The

Show Cause Order provided Defendants with notice and an opportunity to be heard on the issue of contempt sanctions. Specifically, the Court ordered Defendants to appear in person on May 29, 2019, at 10:00 a.m.

On May 21, 2019, the Court granted the motions of attorneys for Defendants, Todd F. Newman and Marcellous S. McZeal, to withdraw. D.E. 38. In the same Order, the Court gave notice to Defendant PBR that, as a business entity, it was required to appear by an attorney licensed to practice law in this Court. The Court imposed a deadline of May 29, 2019, at 10:00 a.m. for PBR to obtain counsel to enter an appearance on its behalf in this case.

On May 28, 2019—on the eve of the show cause hearing—Defendants filed a letter (D.E. 39), which professed previous and continuing compliance with discovery and a promise to wire transfer the $1,000 sanction previously ordered, together with another $1,000 requested in Plaintiffs' motion (D.E. 36), for a total of $2,000 to Plaintiffs' counsel by May 31, 2019. Defendants also requested additional time to obtain counsel to represent PBR. In response, the Court entered its Order (D.E. 40), requiring PBR to obtain counsel to file a notice of appearance on its behalf by June 28, 2019, and continuing the show cause hearing date to July 30, 2019 at 9:00 a.m. D.E. 40.

Defendants did not pay any funds to Plaintiffs' counsel by May 31, 2019, or any time thereafter. PBR did not obtain counsel to file a notice of appearance by June 28, 2019, and no attorney has filed an appearance on behalf of PBR since previous counsel withdrew. On June 4, 2019, Plaintiffs filed their Motion to Enforce Response to Plaintiffs' Demand Letter (D.E. 42). Defendants did not respond to that motion by its

submission date. Local Rule 7. Neither did Defendants appear in person or by counsel for a status conference on July 24, 2019. *See* D.E. 20, 21.

On July 29, 2019, again on the eve of the continued show cause hearing, Defendants filed a letter (D.E. 43), asking to appear at the show cause hearing by telephone. The Court denied the request and, again, ordered Defendants to appear in person for the show cause hearing. D.E. 46. On July 30, 2019, the Court called this case for the show cause hearing. None of the Defendants made an appearance.

Using a standard of clear and convincing evidence,

- The Court FINDS that Defendants failed to respond to Plaintiffs' written discovery by April 29, 2019, as previously ordered, or at any time thereafter. D.E. 29.

- The Court FINDS that Defendants failed to comply with the Court's previous order to pay $1,000 in sanctions. D.E. 29.

- The Court FINDS that Defendants failed to pay an additional $1,000 as previously promised in their letter filed of record on May 28, 2019, in response to Plaintiffs' motion for sanctions. D.E. 36, 39.

- The Court FINDS that PBR, a business entity, has failed to obtain counsel to appear on its behalf and is in default with respect to the status conference of July 24, 2019, and the show cause hearing of July 30, 2019. D.E. 37, 38, 40, 46.

- The Court FINDS that Pratap Sapra and Reshma Sapra have failed to appear and are in default with respect to the status conference of July 24, 2019, and the show cause hearing of July 30, 2019. D.E. 37, 40, 46.
- The Court FINDS that Defendants have failed to respond to Plaintiffs' demand letter of April 18, 2019, within 30 days of its receipt or at any time thereafter. D.E. 20, ¶ 4, 42.

The Court HOLDS Defendants PBR, Pratap Sapra, and Reshma Sapra IN CONTEMPT OF COURT. Defendants may purge themselves of contempt by (1) filing answers and responses to Plaintiffs R.P.M. Fuel, LLC and Texas Global Fuel Network's First Set of Interrogatories and Requests for Production, and (2) paying to Plaintiffs' counsel $2,000 in sanctions pursuant to Federal Rule of Civil Procedure 37.

The Court thus GRANTS Plaintiffs' motion for sanctions (D.E. 36). The Court further GRANTS Plaintiffs' motion to enforce response to demand letter (D.E. 42). Defendants are ORDERED to respond to Plaintiffs' demand letter on or before August 15, 2019.

The Court ORDERS Defendants Pratap Sapra and Reshma Sapra to appear in person and Defendant PBR to appear by attorney in open court for a show cause hearing on September 4, 2019, at 2:30 p.m. to demonstrate compliance with this Order or to explain their failure to comply. Among other consequences of civil contempt, failure to appear may result in the Court striking Defendants' pleadings and entering default judgment against them without further notice.

ORDERED this 1st day of August, 2019.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE